## IN THE UNTED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMANDA DEGNAN | : | |
| 914 East Prospect Ave. | : | |
| North Wales, PA 19454 | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | No.:_____ |
| | : | |
| v. | : | |
| | : | |
| INTERNATIONAL BUSINESS | : | |
| MACHINES CORPORATION *d/b/a* IBM | : | |
| 1601 Cherry Street | : | **JURY TRIAL DEMANDED** |
| Philadelphia, PA 19012 | : | |
| | : | |
| Defendant. | : | |
| | : | |

### CIVIL ACTION COMPLAINT

Amanda Degnan (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) by and

through her undersigned counsel, hereby avers as follows:

### INTRODUCTION

1.      Plaintiff has initiated this action to redress violations by International Business

Machines Corporation *d/b/a* IBM (*hereinafter* "Defendant") of Title VII of the Civil Rights Act

of 1964 ("Title VII" – 42 U.S.C. §§ 200d *et seq*.)/the Pregnancy Discrimination Act ("PDA"), the

Family and Medical Leave Act ("FMLA"- 29 USC § 2601), the Pennsylvania Human Relations

Act ("PHRA"), and the Philadelphia Fair Practices Ordinance ("PFPO").[1]    As a direct

consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff's claims under the PHRA and PFPO are referenced herein for notice purposes. She is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC.  Plaintiff must however file her lawsuit in advance of same because of the date of issuance of her federal right-to-sue-letter under Title VII/Pregnancy Discrimination Act.  Plaintiff's PHRA and PFPO claims however will mirror identically her federal claims under Title VII/Pregnancy Discrimination Act.

## JURISDICTION AND VENUE

2.      This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws.

3.      This Court may properly assert personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

4.      Pursuant to 28 U.S.C. § 1392(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

5.      Plaintiff is proceeding herein under Title VII/PDA after properly exhausting all administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

## PARTIES

6.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.      Plaintiff is an adult individual, with an address set forth in the caption.

8.      International Business Machines Corporation *d/b/a* IBM is a corporation offering application, technology consulting and support, process design and operations, cloud, digital

2

workplace, and network services, as well as business resiliency, strategy, and design solutions, with a facility at the location set forth in the above-caption.

9.      At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the Defendant.

## FACTUAL BACKGROUND

10.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11.     Plaintiff is a female individual.

12.     Plaintiff was employed with Defendant for approximately four years until her unlawful termination (as discussed *infra*) on or about August 6, 2019.

13.     During the course of her employment with Defendant, Plaintiff was a hard-working employee who performed her job well.

14.     At the time of Plaintiff's termination, she was primarily supervised by North American Client Success Leader, Andrew Doyle (male, *hereinafter* "Doyle").

15.     On or about March 18, 2019, Plaintiff commenced approved maternity leave for the birth of her child.  Plaintiff remained out on maternity leave for approximately 5 months (a portion of which was covered under the FMLA) and returned to work on or about August 5, 2019.

16.     On or about August 6, 2019, Plaintiff was asked to report to Doyle's office wherein she was informed that she was being "laid off" as part of a reduction in force.

17.     Plaintiff was completely blindsided by her termination because approximately two (2) months prior to commencing maternity leave, she and another male employee (who had only been employed with Defendant for approximately 2-2.5 years) were both transferred to the position

of Client Extension Representative (*hereinafter* "CER") within Defendant's security division.  In addition to Plaintiff and her male co-worker who transferred with her, there were other CERs within Defendant's security division as well; however, upon Plaintiff's information and belief, she was the only CER laid off in her division.

18.    Plaintiff was given multiple reasons by Defendant's management as to why she was selected for lay off.  For example, but not intended to be an exhaustive list:

   a.  At first, Doyle informed Plaintiff that she had been laid off because she was at "band level 6" and only employees at band level 6 were being laid off; and

   b.  Plaintiff was then informed by Director, Digital Sales North American Software Solution, Julie Tourre (*hereinafter* "Tourre") that band level had nothing to do with Defendant's selection of employees for layoff and that it was based on performance results and location (as they were moving all employees to the Philadelphia location, and prior to maternity leave, Plaintiff had worked in the Blue Bell, Pennsylvania office).  Tourre advised Plaintiff to look at it as a "blessing in disguise."

19.    Defendant's purported reasons for Plaintiff's termination (*see* Paragraph 18, *supra*) are completely pretextual because (1) Plaintiff's performance "results" would have been skewed by the fact that she had been on maternity leave for approximately 5 months; (2) Plaintiff and her male co-worker were both transferred to the same position at the same time; however, she had been an employee of Defendant for 1.5-2 years longer but he was retained by Defendant; (3) Plaintiff was never asked if she would have been willing to transfer to the Philadelphia office – which she would have as she had previously worked in Philadelphia when she was first hired by Defendant; (4) Plaintiff had previously discussed changing her band level with Tourre prior to

taking maternity leave and was ignored (despite the fact that other males with less experience and/or seniority were at higher band levels than herself); and (5) Plaintiff was given multiple varying/inconsistent reasons for her lay off.[2]

20. In addition to being terminated unlawfully by Defendant because of her pregnancy and/or request for/utilization of maternity leave, Plaintiff was treated disparately from her male co-workers with regard to salary and band level designation (which impacted applying for any sectors or promotions within Defendant), in addition to a multitude of other hurdles that male co-workers were not subjected to.

21. Specifically, Plaintiff was not paid equally to her male counterparts, despite her experience, skills, and seniority being similar, the same, or better.

22. Plaintiff discussed her unequal pay concerns with Tourre in advance of her termination; however, Plaintiff's concerns were never addressed.

23. Upon Plaintiff's information and belief, after she was terminated, her work was performed by a male employee.

24. Plaintiff believes and therefore avers that she was really terminated because of her (1) her gender; (2) her pregnancy; (3) her request for/utilization of maternity leave/FMLA; and (4) her expressed concerns of gender discrimination/unequal pay.

---

[2] *See Zielinski v. Pennsylvania State Police*, 108 F. App'x 700, 708 (3d Cir.2004) (vacating grant of summary judgment where plaintiff was able to present evidence of inconsistent reasons given by management for her transfer); *Butler v. BTC Foods, Inc.*, 2014 U.S. Dist. LEXIS 11286, at *18 (E.D. Pa. 2014) (denying summary judgment where employer's termination documentation was inconsistent with and silent on the reason now asserted in the case for plaintiff's termination); *Hudson v. Guardsmark, LLC*, 2013 U.S. Dist. LEXIS 166825, at *47 (M.D. Pa. 2013) (denying summary judgment based on management contradictions as to the reason for the plaintiff's termination from employment); *Willauer v. Riley Sales, Inc.*, 2009 U.S. Dist. LEXIS 85004, at *9-10 (E.D. Pa. 2009) inconsistent reasons for termination given by management including job elimination and performance-based reasons warranted denial of summary judgment).

## COUNT I
## <u>Violations of Title VII/PDA</u>
**([1] Gender Discrimination; [2] Pregnancy Discrimination; [3] Unequal Pay; and [4] Retaliation)**

25.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

26.     On or about March 18, 2019, Plaintiff commenced an approved 5-month maternity leave for the birth of her child (a portion of which was covered under the FMLA).

27.     During Plaintiff's employment with Defendant, she was also subjected to discrimination through disparate treatment and demeaning and/or derogatory treatment by Defendant because of her gender.

28.     Plaintiff was treated disparately with respect to compensation, band level designation (which impacted applying for any sectors or promotions within Defendant), and termination contrary to her male sales co-workers.

29.     On or about August 6, 2019, in close proximity to Plaintiff's most recent complaints of gender discrimination and/or unequal pay and **just one day** after Plaintiff's return from maternity leave, Plaintiff was abruptly terminated.

30.     Upon information and belief, after Plaintiff was terminated, her work was performed by a male employee.

31.     Plaintiff believes and therefore avers that she terminated from her employment with Defendant because of her (1) her gender; (2) her pregnancy; and (3) and/or her complaints of gender discrimination/unequal pay.

32.     These actions as aforesaid constitute unlawful discrimination and retaliation under Title VII/PDA.

**COUNT II**
**Violations of the Family and Medical Leave Act ("FMLA")**
**(Interference & Retaliation)**

33.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

34.     Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

35.     Plaintiff requested leave for her own medical reasons from Defendant, her employer, with whom she had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A. § 2611(2)(i).

36.     Plaintiff had at least 1,250 hours of service with Defendant during her last full year of employment prior to requesting FMLA leave.

37.     Defendant engaged in interstate commerce and employ[ed] fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A. § 2611(4)(A)(i).

38.     Plaintiff is entitled to receive leave pursuant to 29 U.S.C.A. § 2612(a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

39.     Shortly after requesting and/or utilizing FMLA leave for her pregnancy, Plaintiff was terminated from her employment with Defendant.

40.     Defendant committed interference and retaliation violations of the FMLA by: (1) terminating Plaintiff for requesting and/or exercising her FMLA rights; (2) by considering Plaintiff's FMLA leave needs in making the decision to terminate her; and/or (3) terminating Plaintiff to intimidate her and/or prevent her from taking FMLA-qualifying leave in the future; (4) by making negative comments and/or taking actions towards her that would dissuade a reasonable

person from exercising her rights under the FMLA; and/or (5) by counting her FMLA-qualifying leave against her in making the decision to terminate her (i.e., penalizing Plaintiff for alleged performance concerns for the time period she was on federally-protected FMLA leave).

41.     These actions as aforesaid constitute violations of the FMLA.

## COUNT III
## Violations of 29 U.S.C. § 206 and 29 U.S.C. § 215(a)(3) [the Equal Pay Act - "EPA"]
### (Discrimination & Retaliation)

42.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

43.     Plaintiff was not properly paid an equal salary or given comparable band level designation (which impacted applying for any sectors or promotions within Defendant) to her male counterparts despite the fact that, upon information and belief, Plaintiff's experience, skills, and seniority were the same, similar, or better than said male counterparts.

44.     Plaintiff complained to Defendant's owners/executive management that she believed she was not being paid the same or similar salary and/or other employment benefits as her male counterparts because of her gender.

45.     Plaintiff's aforesaid complaints under the Equal Pay Act were never properly investigated or resolved by Defendant's management.

46.     Instead, Plaintiff was retaliated against and terminated for complaining of unequal pay based upon her gender.

47.     These actions as foresaid constitute violations of 29 U.S.C. § 206 and 29 U.S.C. § 215(a)(3).

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.      Defendant is to promulgate and adhere to a policy prohibiting discrimination in the future against any employee(s);

B.      Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C.      Plaintiff is to be awarded liquidated and/or punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D.      Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation; and

E.      Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
3331 Street Rd.
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated:  April 29, 2020

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Amanda Degnan | : | CIVIL ACTION |
| v. | : | |
| International Business Machines Corporation d/b/a IBM | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X )

| 4/29/2020 | | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __914 East Prospect Avenue, North Wales, PA 19454__

Address of Defendant: __1601 Cherry Street, Philadelphia, PA 19102__

Place of Accident, Incident or Transaction: __Defendant's place of business__

---

*RELATED CASE, IF ANY:*

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes [ ]   No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes [ ]   No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes [ ]   No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes [ ]   No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __4/29/2020__ _____   __ARK2484 / 91538__
            *Attorney-at-Law / Pro Se Plaintiff*                *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

*A.   Federal Question Cases:*

[ ] 1. Indemnity Contract, Marine Contract, and All Other Contracts
[ ] 2. FELA
[ ] 3. Jones Act-Personal Injury
[ ] 4. Antitrust
[ ] 5. Patent
[ ] 6. Labor-Management Relations
[X] 7. Civil Rights
[ ] 8. Habeas Corpus
[ ] 9. Securities Act(s) Cases
[ ] 10. Social Security Review Cases
[ ] 11. All other Federal Question Cases
        *(Please specify):* _____

*B.   Diversity Jurisdiction Cases:*

[ ] 1. Insurance Contract and Other Contracts
[ ] 2. Airplane Personal Injury
[ ] 3. Assault, Defamation
[ ] 4. Marine Personal Injury
[ ] 5. Motor Vehicle Personal Injury
[ ] 6. Other Personal Injury *(Please specify):* _____
[ ] 7. Products Liability
[ ] 8. Products Liability – Asbestos
[ ] 9. All other Diversity Cases
        *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Ari R. Karpf__ , counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: __4/29/2020__ _____   __ARK2484 / 91538__
            *Attorney-at-Law / Pro Se Plaintiff*                *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

DEGNAN, AMANDA

**(b)** County of Residence of First Listed Plaintiff    Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS

INTERNATIONAL BUSINESS MACHINES CORPORATION d/b/a IBM

County of Residence of First Listed Defendant    Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| 1 | U.S. Government Plaintiff | |
| **X** 3 | Federal Question | *(U.S. Government Not a Party)* |
| 2 | U.S. Government Defendant | |
| 4 | Diversity | *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | 368 Asbestos Personal Injury Product Liability | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | **PERSONAL PROPERTY** | | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 371 Truth in Lending | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 480 Consumer Credit |
| 190 Other Contract | 360 Other Personal Injury | 380 Other Personal Property Damage | 720 Labor/Management Relations | 862 Black Lung (923) | 490 Cable/Sat TV |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | 385 Property Damage Product Liability | 740 Railway Labor Act | 863 DIWC/DIWW (405(g)) | 850 Securities/Commodities/ Exchange |
| 196 Franchise | | | 751 Family and Medical Leave Act | 864 SSID Title XVI | 890 Other Statutory Actions |
| | | | | 865 RSI (405(g)) | 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 790 Other Labor Litigation | **FEDERAL TAX SUITS** | 893 Environmental Matters |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | 791 Employee Retirement Income Security Act | 870 Taxes (U.S. Plaintiff or Defendant) | 895 Freedom of Information Act |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | 871 IRS—Third Party 26 USC 7609 | 896 Arbitration |
| 230 Rent Lease & Ejectment | **X** 442 Employment | 510 Motions to Vacate Sentence | | | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | | | |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | | |
| | 448 Education | 540 Mandamus & Other | 462 Naturalization Application | | |
| | | 550 Civil Rights | 465 Other Immigration Actions | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| **X** 1 Original Proceeding | 2 Removed from State Court | 3 Remanded from Appellate Court | 4 Reinstated or Reopened | 5 Transferred from Another District *(specify)* | 6 Multidistrict Litigation - Transfer | | 8 Multidistrict Litigation - Direct File | |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII (42USC2000); FMLA (29USC2601)

Brief description of cause:
Violations of the Title VII, PDA, FMLA, PHRA and the Philadelphia Fair Practices Ordinance..

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   **X** Yes   No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE   4/29/2020

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**Print**    **Save As...**    **Reset**